```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

| | |
|---|---|
| BARBARA PARKER,           * | |
|                           * | |
|     Plaintiff,            * | |
|                           * | |
| vs.                       * | |
|                           * | CASE NO. 4:12-CV-26 (CDL) |
| HOWMEDICA OSTEONICS       * | |
| CORPORATION, *et al.*,    * | |
|                           * | |
|     Defendants.           * | |
|                           * | |

| | |
|---|---|
| BARBARA PARKER,           * | |
|                           * | |
|     Plaintiff,            * | |
|                           * | |
| vs.                       * | |
|                           * | CASE NO. 4:12-CV-49 (CDL) |
| HOWMEDICA OSTEONICS       * | |
| CORPORATION,              * | |
|                           * | |
|     Defendant.            * | |
|                           * | |

O R D E R

In these product liability actions, Plaintiff Barbara Parker ("Parker") alleges that she suffered injuries after two knee revision surgeries on her right knee. First, Parker alleges that she suffered injuries following a November 2007 "right knee fusion surgery." *Parker v. Howmedica Osteonics Corp.*, No. 4:12-cv-49 ("*Parker I*"), 3d Am. Compl. ¶¶ 4–18, ECF No. 19. Parker alleges that Howmedica manufactured the replacement knee device she received during that surgery and that the device failed, causing her injuries. *Id.* ¶¶ 9-18.

Next, Parker alleges that she suffered injuries following a June 2009 "total knee re-revision surgery," that the injuries were caused by "defective hardware" implanted in her right knee, and that one of three Defendants manufactured the allegedly defective hardware. *Parker v. Howmedica Osteonics Corp.*, No. 4:12-cv-26 ("*Parker II*"), Notice of Removal Ex. A, Compl. ¶¶ 13, 17-18, 22, 34, 47, ECF No. 1-2 [hereinafter *Parker II* Compl.].

Defendants Smith & Nephew, Inc. ("Smith & Nephew") and Howmedica Osteonics Corp. ("Howmedica") each filed a Motion to Dismiss the Complaint in *Parker II* (ECF Nos. 4 & 6), contending that Parker's Complaint does not adequately identify the product at issue. In the alternative, Smith & Nephew asks that the Court require Parker to file a more definite statement of her claims. For the reasons set forth below, the Court declines to dismiss Parker's claims at this time, but the Court grants Smith & Nephew's motion for a more definite statement.

Also before the Court is Howmedica's Motion to Consolidate *Parker I* and *Parker II* (ECF No. 20 in 4:12-cv-26 and ECF No. 26 in 4:12-cv-49). As discussed in more detail below, the Court concludes that the two actions should be consolidated, so Howmedica's Motion to Consolidate is granted.

DISCUSSION

**I.   Motions to Dismiss**

A.   Motion to Dismiss Standard

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

B.  Factual Allegations

Parker underwent a "right total knee re-revision" surgery on July 9, 2009 in Columbus, Georgia. *Parker II* Compl. ¶ 11. Within a year of the surgery, Parker underwent two additional surgeries due to "repeated hardware failures" of the knee replacement prosthetic device that was implanted into her leg. *Id.* ¶¶ 13-15. Parker alleges that Howmedica, Smith & Nephew and Defendant Depuy Orthopaedics, Inc. ("Depuy") "designed, manufactured, produced, marketed, packaged, distributed, labeled, sold and otherwise placed into the stream of commerce" the defective knee replacement hardware.[1] *Id.* ¶ 16. Parker alleges that Howmedica manufactured the knee replacement hardware she received in 2009. *Id.* ¶¶ 22, 24. In the alternative, Parker alleges that Depuy manufactured the knee replacement hardware she received in 2009. *Id.* ¶¶ 34, 36. In the alternative, Parker alleges that Smith & Newphew manufactured the knee replacement hardware she received in 2009. *Id.* ¶¶ 47, 49. Parker asserts products liability claims against

---

[1] Parker also contends that "Defendant ABC Corporation," "Defendant XYZ Corporation," "Defendant John Doe I" and "Defendant John Doe II" are entities and individuals whose identity is unknown and who also "designed, manufactured, produced, marketed, packaged, distributed, labeled, sold and otherwise placed into the stream of commerce" the defective knee replacement hardware." *Parker II* Compl. ¶¶ 4-7, 16. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). Should Parker wish to make claims an entity or individual she has not named in her Complaint, Parker must file an amended Complaint and name the entity or individual.

each Defendant under both a strict liability theory and a negligence theory.

### C.   Discussion

The parties agree that Georgia law governs Parker's claims. Under Georgia law, to establish a product liability claim under a strict liability theory or a negligence theory, a plaintiff must prove (1) "a defect in the product" and (2) a "causal connection between the alleged design or manufacturing defect and [the plaintiff's] injury." *Boswell v. OHD Corp.*, 292 Ga. App. 234, 235, 664 S.E.2d 262, 263 (2008). And, of course, the plaintiff must identify the allegedly defective product that caused her injuries and the manufacturer of that product. *Id.* (concluding that because the plaintiff could not identify the product that allegedly injured him, he could not prevail on his product liability claim); *accord* O.C.G.A. § 51-1-11(b)(1) (stating that "manufacturer" is liable for defective products that cause injury); *Smith v. Chemtura Corp.*, 297 Ga. App. 287, 291, 676 S.E.2d 756, 761 (2009) (affirming dismissal of product liability action where plaintiff did not allege that defendant manufactured allegedly defective product); *see also, e.g., Adamson v. General Elec. Co.*, 303 Ga. App. 741, 745-46, 694 S.E.2d 363, 368 (2010) (affirming summary judgment in favor of a manufacturer where there was no evidence that the plaintiff used

the manufacturer's asbestos-containing product that allegedly caused his injuries).

Here, Parker has not identified the specific knee replacement product that was implanted in her leg in 2009. Parker does not claim that the identity of the product could not be ascertained from a review of all of her medical records.[2] Even if her medical records do not readily reveal the identity of the product, it has not been established that limited discovery from Defendants would fail to disclose the identity of the knee replacement device that was implanted in Parker's leg. Rather, Parker contends that she cannot, at this time, "readily identify which of the named Defendants manufactured" the hardware based on "the medical records obtained to date." Mem. in Supp. of Pl.'s Resp. to Smith & Nephew's Mot. to Dismiss 1, ECF No. 13-1. Therefore, the present record suggests that Parker has not yet obtained a copy of all of her medical records, which may include a more precise description of the knee replacement product that was implanted during Parker's July 2009 surgery.

---

[2] Though Parker summarily alleges that Howmedica, Depuy and Smith & Nephew "are joint tortfeasors," *Parker II* Compl. ¶ 8, there is no allegation that Howmedica, Depuy and Smith & Nephew worked in concert to develop the knee replacement hardware Parker received; rather, Parker appears to assert that each of these three Defendants designed manufactured different knee replacement devices and that she received knee replacement hardware designed and manufactured by *one* of them. *See id.* ¶¶ 24, 36, 49 (alleging, in the alternative, that each of the three named Defendants designed and manufactured Parker's knee replacement hardware).

6

Though Parker's Complaint is deficient because it fails to identify the product that allegedly caused her injuries, the Court declines to dismiss Parker's Complaint at this time. The Court finds that the more appropriate course is to grant Smith & Nephew's motion for a more definite statement. Under Federal Rule of Civil Procedure 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Here, Parker's Complaint is so vague and ambiguous that none of the three Defendants can tell whether one of its products is the alleged cause of Parker's injuries. The Court will permit Parker to amend her Complaint to identify the product that allegedly caused her injuries, as well as the product's manufacturer. Because it is within Parker's power to obtain her own medical records, the Court declines to permit the action to proceed until Parker identifies the specific product which she contends caused her harm. Parker's amended complaint shall be filed within thirty (30) days of the date of this Order.

Should Parker determine that it is impossible for her to identify the knee replacement product that was implanted in her leg without limited discovery from Defendants, Parker shall file a written motion notifying the Court on or before the deadline for her amended complaint. In that motion, Parker shall

7

precisely describe the limited discovery she seeks for the purpose of identifying the allegedly defective product. Defendants shall have 14 days to file any objection to the requested discovery. If no objection is made, the parties shall, within 21 days of the date that Parker files her motion, present the Court with a jointly proposed scheduling/discovery order limited to discovery regarding the identification of the allegedly defective product.

**II. Motion to Consolidate**

    A.   <u>Motion to Consolidate Standard</u>

Under Federal Rule of Civil Procedure 42(a), if the Court finds that two actions before the Court "involve a common question of law or fact," then the Court may: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Rule "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotation marks omitted). District court judges "have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* at 1169 (11th Cir. 1995) (alteration in original) (internal quotation marks omitted).

8

B. <u>Discussion</u>

*Parker I* and *Parker II* arise from separate knee replacement surgeries performed by different doctors on one patient's right knee. Though it is not clear from the present record whether both actions involve products designed and made by the same manufacturer, it is clear that *Parker I* and *Parker II* have significant common questions of law and fact. The two actions involve the same patient and the same knee. Common questions include Parker's physical condition and general health before and after each surgery. Moreover, it cannot be seriously disputed that there is significant overlap with regard to the issues of causation and damages in both actions. Accordingly, the Court concludes that consolidation of the two actions is warranted. Given that minimal or no discovery has occurred in both cases, consolidation will not prejudice any of the parties. If discovery reveals that trial of the consolidated actions would result in prejudice or confusion, then the Court will consider a motion to separate the consolidated actions for trial.

CONCLUSION

For the reasons set forth above, the Motions to Dismiss of Smith & Nephew (ECF No. 4) and Howmedica Osteonics Corp. (ECF No. 6) are denied. Smith & Nephew's motion for more definite statement is granted, and Parker's amended complaint shall be

9

filed within thirty (30) days of the date of this Order. Howmedica's Motion to Consolidate (ECF No. 20 in 4:12-cv-26 and ECF No. 26 in 4:12-cv-49) is granted. Henceforth, the parties shall file all filings in Case No. 4:12-cv-26.

The Court previously stayed the deadline for compliance with its Rules 16/26 Order in both *Parker I* and *Parker II*. If Parker is able to identify the product and its manufacturer in her amended complaint, the stay previously entered shall be lifted, and the parties shall comply with the Court's Rules 16/26 Order within twenty-eight (28) days of the date that the amended complaint is filed. If Parker is unable to amend her complaint without engaging in limited discovery, then the stay regarding the Court's Rules 16/26 Order shall remain in effect, except the parties shall comply with the provisions in this Order regarding the limited discovery to be conducted to identify the allegedly defective product.

IT IS SO ORDERED, this 3rd day of May, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE